The Honorable, the judges of the United States Court of Appeals for the 4th Circuit Good morning counsel, we're happy to hear argument in number 1976-16, United States v. Taylor May it please the court Your Honor, may I proceed? Absolutely. It's old home week with all of us, isn't it? May it please the court, good morning. The court has granted a certificate of appealability on two issues in this 924C case. First, can a 924C conviction be sustained when it is based on two predicates, one of which does not qualify as a crime of violence and second, does attempted Hobbs Act robbery categorically qualify as a predicate crime of violence under 924C's 4th Clause? If the court decides in Mr. Taylor's favor on either issue, it must vacate his 924C conviction. So I will address the first question, which I'll call the ambiguous record question. Counsel, would you mind doing the second one first, because that seems to be the issue that has come to our court. I think there are 30 cases waiting for us to decide this one. Of course. There are a lot being held for the ambiguous record issue as well, but I'm more than happy to address attempted Hobbs Act. Oh, fine. Well, you're ahead of me. Well, I know that I have cases that are being held for the ambiguous record issue, but whatever the court's preference. Do what you want. Sorry to take your time. That's quite okay. So in this case, the government charged Mr. Taylor, as relevant here, with Hobbs Act robbery conspiracy in Count 5, attempted Hobbs Act robbery in Count 6, and then in Count 7, a 924C that was based on both of those offenses. Mr. Taylor pled guilty to the conspiracy count in Count 5 and to the 924C count in Count 7. He did not plead to the attempted Hobbs Act robbery. So under the force clause analysis, we employed a categorical approach to determine whether an element of the predicate offense always requires the use, attempted use, or threatened use of physical force. And because the Hobbs Act statute is divisible, that is, it contains more than one offense, we must apply the modified categorical approach, looking at Shepard-authorized documents, to determine which of the two predicate offenses Mr. Taylor necessarily pleaded to within the 924C count and therefore what the elements of that offense are. Now one thing that I do want to note is that even in a 2255 proceeding, the burden always remains on the government under the modified categorical approach to produce Shepard-authorized documents and to then establish that those documents necessarily show that the relevant offense is a qualifying crime of violence. And that is in this court's Tucker decision from 2010. So when a defendant pleads guilty to an indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to being serious of the disjunctive conduct. We know that from this court's decision in Chapman, and that is true unless Shepard-approved documents establish that the defendant necessarily pled guilty to only one of those alternatives. We know that from the Vann decision. So in this case, we have Shepard-approved documents, the indictment, the plea agreement, the plea colloquy, and the statement of facts, but they do not necessarily or conclusively establish which offense, the clearly invalid or non-qualifying offense of conspiracy or the other offense of attempted robbery, supports the 924C charge. The indictment, of course, alleged both offenses conjunctively. The plea agreement is silent as to which elements, as to the elements of the 924C offense, the predicate, and the elements of the predicate. The plea colloquy is similarly silent. And then finally, in the statement of facts, there's no dispute that the statement of facts contains facts that support the elements of both offenses. But as a result, that is precisely why it does not conclusively establish that Mr. Taylor necessarily pled to only the attempt as the predicate. So the statement of facts does not rule out an invalid conspiracy offense. Consequently, this court must assume that the conviction rests on the less serious of the two predicates, and that is the conspiracy because it does not qualify. And that's the exact same analysis that this court applied in Vann, in Chapman, and it is what other courts have applied, as we described in our opening brief, in Horsthoeking, in Kennedy, and in Marcia Acosta. And our precedent goes back way before Vann, back to 1975, and Quixie, and 2000, and 1999, and Ryan Scage. It's pretty clear. How did the district judge miss those authorities? Did y'all not cite them to her? We may not have. Certainly, we did cite to Vann and Chapman, and I think it was Vann that did also cite to Rhines. So, yes, and it seems to me that this actually should be a pretty simple issue. And I think the fact that Judge Mox indicated that the court perhaps would prefer me to address the attempted Hobbs Act robbery does mean that it's a straightforward issue. So, let me, if there are no further questions about Vann. There's a COA on both issues. That is correct, Your Honor. So, I can certainly turn to the attempted Hobbs Act robbery issue now. So, like conspiracy, attempt is an inchoate offense. It requires the intent to commit all elements of an offense combined with either an agreement to commit the offense in the case of a conspiracy or a substantial step towards the commission of that offense. In Sims, this court held in a very straightforward discussion that conspiracy to commit Hobbs Act robbery is not a crime of violence because there is nothing about the making of the agreement that requires the attempted use or threatened use of force. The same thing, we submit, is true of an attempt to commit a Hobbs Act robbery. There is nothing in the taking of the substantial step that requires the use, attempted use, or threatened use of force. And, in fact, in this court's McFadden decision from, gosh, nearly 30 years ago, in 1984, the court specifically addressed an argument where the defendants had contended that the substantial step or the attempted taking had to itself involve force. And this court rejected that and said, no, it's only the actual taking that has to involve force, not the attempted taking. Now, there may well be times that the substantial step does involve force, but that is simply not the same as the substantial step invariably requiring force. And that's what's necessary under the categorical approach. Well, ma'am, it would be kind of like this scenario. The man plans a robbery. He goes out and buys a gun, buys a hood, and he drives toward the target. And then he sees police around, turns around, and goes home. Now, he did take a substantial step toward the commission, and we know he intended to commit the robbery, but that wouldn't be an example of attempted use of physical force, would it? No, because there's nothing in the purchasing or the obtaining of the gun or the obtaining of other, you know, a mask. There's nothing in those acts that necessarily requires force. So I think that that actually is a good example and a pretty typical example of an attempt defense. So that is our argument in a nutshell. I am more than happy to answer what other questions the court may have about either issue. Well, counsel, your colleague, your ‑‑ sorry, go ahead.  Go ahead. Judge Motz, as to the attempted use of physical force, do you want it defined by common law or a plain meeting definition? Well, attempted use of force, I think, and we're looking at the statutory language that is in the force clause of 924C, which distinguishes between use, attempted use, or threatened use of force. And we think that because of the way Congress has worded that, to put the word attempt or attempted only before use, that that means that a substantial step has to itself involve the use of force. Do you want a plain meeting definition? Yes, I believe we do. Congress very easily could have written this definition in something in a way similar to what we had described in our reply brief, that a crime of violence under the force clause, an offense is a crime of violence if it has as an element the use of force, threatened use of force, or is an attempt or conspiracy to do either one. But that's not what Congress did. And we can compare it, actually, to another statute in which Congress did basically exactly that. And that's in the Federal Three Strikes Statute, Section 18 U.S.C. 3559C2, subsection F. And the first part of that definition gives a laundry list of specific offenses that includes robbery, it covers state offenses as well as federal, and it includes robbery as described in certain statutory provisions. And then at the end of it, it specifically includes the language or attempts or conspiracies to commit any of the above offenses. Congress can certainly do the same thing here. And in fact, I think it would be very important to do it, because one thing that is really important to keep in mind is that we cannot, simply because the residual clause is gone, and there's no question under the residual clause that attempts would count, because it would create the risk that force could be used. But with the residual clause gone, courts need to be very, very careful about not trying to shoehorn things, offenses under the force clause that otherwise would have come in under the residual clause. And there are any number of cases, I think, in the past that ducked a force clause analysis because something could come in under the residual clause. And we can't do that anymore, not until Congress solves the problem. So I do think that that's something very important for this court to be cognizant of, to not stretch the force clause beyond its plain meaning to try to incorporate offenses that really don't fall within it. If there are no other questions... This fellow pled guilty to a charge that just said a crime of violence under the Hobbs Act. Would you still be able to make your argument? I think that the government, somewhere along the line, in terms of providing notice, Fifth Amendment notice, Fifth Amendment grand jury rights, where there are multiple possibilities, at some point, the government would have to elect which offense. So I think that there would be problems if an indictment simply said, in a situation like this where there are multiple possibilities, simply said that a person used a gun in furtherance of a crime of violence and did not, somewhere along the line, whether in the plea agreement or at the plea colloquy, actually narrow it down to which offense. What if indictment 6 added the words after the Hobbs Act, that is, attempted murder? In terms of the ambiguous record? In the Hobbs Act, that is, attempted murder. Could you sustain your position there? In terms of the ambiguous record? Yes, we certainly could. I'm sorry. Not in terms of the ambiguous record, I'm talking about the second issue now. The crime of violence, the crime of violence specified in the indictment. You said they have to give notice. They give notice, that is, attempted murder. That's under the Hobbs Act, like after the second order. After the second order, after robbery, extortion, or physical violence. That's certainly attempted, or whatever it says there. I think attempted murder would fit into it. So, if I can finish up this discussion with you, Your Honor. So, I think I understand your point to be that if the government gives notice that they're treating attempted murder under that very final provision of the Hobbs Act definition about use of force in furtherance of... Yeah, the government takes the position they could charge attempted murder as a crime of violence. If they took that position, and they did in the indictment, and he pled guilty to it. Then you come back ten years later, as your man did, or whatever it is, and under habeas corpus and try to attack it in view of these new authorities. I think, in our analysis, I think would be that an attempt to commit murder does not invariably require the use of force in the context of taking a substantial step. Well, that wouldn't change your position there. That's what I'm trying to get you to say. Okay. Not if all the indictment charged was simply to an attempted murder. That was their specification. Here, they got two specifications. They got a conspiracy to violate the Hobbs Act, and they got an attempted violation of the Hobbs Act. Correct. Right. And if that attempted, if it was one violation, one specification, attempted violation of the Hobbs Act, that is an attempted murder. Not an attempted armed robbery, attempted murder. Yeah. I think that our rationale applies to any attempt defense, and even, you know, certainly the court has said that murder itself under 1111, you know, qualifies as a crime of violence. But it's the same analysis that we say applies here, that unless the substantial step element always or invariably requires the use of force, then simply taking the substantial step with the intent to commit the completed offense is not sufficient, and that's no different than having an agreement with the intent to commit the completed offense. There's nothing in the agreement, and there's nothing in the taking of the substantial step that requires violence or use of force. I'll reserve the remainder of my time for rebuttal, please. Before you sit down, can I ask you one question? The other circuits that have addressed this issue have all used a very different analysis that you have eschewed, and I wonder if you can explain to me what your response would be to that analysis. Why isn't that analysis appropriate? Your Honor, that analysis simply, it equates, it conflates the taking of a substantial step with the intent to commit the actual offense, and I think that these courts don't address this kind of plain language. No. No, they don't. You're right. So what you would do, what you say is about what the dissenters said in each of these situations. Yes, that is correct. With respect to that argument. Yeah. Yeah. But you're right. They don't seem to address the argument that you put in front of them. All right. Well, we'll hear from your colleague, and then you'll have some time for rebuttal. Unless my colleagues have additional questions. No. Detroit? No, none. No. Okay. Thank you very much. May it please the court. Richard Cook on behalf of the United States. Good morning, Mr. Cook. Good morning. I'd like to start with the attempt issue, whether a federal attempt crime satisfies the elements clause of 924 C3 a defendant's position is essentially that no federal attempt ever satisfies 924 C3 a. And we think this is wrong for essentially four reasons. Globally, when Congress used the word attempt and 924 C3 a. And then here, 1951 a. That word means the same thing. And so they satisfy an attempt. Satisfies the definition because you're using the same definition. And let me give you the four, I think, overarching reasons why this follows. The first is when Congress uses a term with a well settled meaning in the common law. It adopts that meaning. And so when 924 C3 a used the word attempt, it was adopting the same meaning of attempt that we see in these federal crimes like 1951 a that have an attempt provision in them. The second is if you go and you look at a plain language definition of attempt, the legal meaning of attempt that you find in dictionaries like black law dictionary is again the common law and federal definition of attempt, which is an overt act that is done with the intent to commit a crime but fall short of completing the crime. And this takes me to my third point, which is the weight of precedent you have. Every circuit that has addressed this issue has ruled the same way the government is urging the court to rule here. So the seventh circuit and Ingram specifically held that attempted Hobbs Act robbery satisfies 924 C3 a the ninth circuit and Dominguez said the same thing specifically with respect to attempted Hobbs Act robbery. The 11th circuit did in St. Hubert with again attempted Hobbs Act robbery. The fifth circuit just most recently ruled this way and Smith dealing with attempted murder. So what do we do, counsel, with respect to the categorical approach, which you may not be enthusiastic about? A lot of judges are not enthusiastic about, but the Supreme Court seems to be enthusiastic. Sure. Used in our most recent and you will remember it. Analysis of this statute of you that was vindicated by the Supreme Court a few months later. And why wouldn't we use the categorical approach now? Sure. And we're now talking about the dual predicate issue. Correct. I want to make sure I'm following. Correct. Correct. Yes. Okay. So we absolutely agree. The categorical approach is used to. And here's the critical point. Classify a predicate as a crime of violence or not. The jury never decides, for example, whether attempted Hobbs Act robbery as a crime satisfies 924 C3 a that goes back to this court's opinion and Atkins. And as your honor just pointed out, the Supreme Court and Davis has just reaffirmed that the categorical approach governs the classification of prior offenses. But critically, the jury is still making the factual determination. Once you've identified a putative crime of violence, whether that defendant committed that predicate. And so when you have, as in this case, two different predicates, conspiracy and attempted Hobbs Act robbery, the jury is file that would decide whether either or both of those predicates are proven. And that this court has consistently said that no court has ever said, to my knowledge, that the jury doesn't decide whether the defendant factually committed a particular crime of violence. And so it's really two very importantly distinct questions that are at issue here. And, uh, well, if you're going to make such a decision, if they give him an interrogatory, they could ask him at the trial. Right. And there are, uh, there are definitely cases where the jury is given a specific, uh, verdict form. Um, and the judge, uh, Floyd's opinion and hair illustrates how you can have, even in the absence of a special verdict form evidence that shows that the jury accepted one of the particular predicates, uh, in that case, uh, a drug predicate. Um, and so that is an illustration of the point that I'm making here, which is that the jury decides whether or not a defendant committed a particular predicate. That's an offense element that the government has to prove at trial. It's not a question of law that the court just says to the jury. And I tell you that the government has established that this defendant committed the predicate for the nine 24 C that would be nuts. Um, and let me just ask you this already held that Hobbs act robbery straight up, um, is a crime of violence that can be committed without the use of force. Right. Uh, no, this court has held and Mathis that a, uh, Hobbs act robbery always satisfies. This is substantive Hobbs act robbery always satisfies. And then in a trial without use of force, it can be completed without the use of force. So doesn't that mean that an attempt to commit Hobbs act robbery can be completed without attempting to use force? No, I just, I disagree with my original premise. We decided that in Mathis. Okay. If we did decide it, it would, if we should conclude that we did in fact say that, then doesn't that mean that attempts to commit Hobbs act robbery can be completed without attempting to use force? Right. So let me give you an example. Let me give you an example. Sure. All of the, um, various, um, factual circumstances that the defense in the other circuit cases have brought up. And we know that those, um, acts in preparation for Hobbs act robbery would constitute, um, um, the, the offense that you're talking about here. Um, uh, that is attempting to use, to commit Hobbs act robbery that is meeting together, get gathering instruments, or you go to judge Floyd's example. But they don't involve the use of force. Okay. So this is back to the question about whether, uh, the federal standards for attempt are going to generally fall short of what nine 24 C three a means when it says attempted use of force. And our view, which I think Ingram Dominguez St. Hubert and Smith accept is that when the word attempt appears in nine 24 C three a, it is not saying, meaning that somebody actually applied force and, you know, say fired a gun and missed, um, that the word attempt in nine 24 C three a is adopting the federal standard. And common law standard for what constitutes an attempt, which is having the intent plus a substantial step toward completing the offense. And the examples that the, the center and Dominguez and St. Hubert were using are examples, uh, that do satisfy the definition of, uh, attempt, but are not themselves. What amounts to a use of force? Right. But they do have both the intent necessary for attempt and the substantial step. Right. The definition for attempt. Exactly. And that therefore, and I'm afraid we may be talking past each other and I'm not sure I understand. So say it slowly to me. Sure. Sure. No, it is. It's confusing. So our view is when nine 24 C three a includes the word attempt for a use of force, this court's got to figure out what's the meaning of that word attempt. And we say, in order to find that term, go and look at the settled legal meaning of the word attempt. That's how you define the word attempt in nine 24 C three a. Okay. What do you think that settled legal meaning is? And that settled legal meaning is the federal and common law definition of attempt that you would get. Uh, so it requires a specific intent to commit the completed offense and an overt act that constitutes a substantial step toward completing that offense. And you can get that standard out of the Supreme court's opinion and rescind his pots and this court's opinion. I don't understand how that gets you home. Because I don't, how does that require the use of force in every case? That is. Uh, so in other words, when nine 24 C three a says this statute covers an attempted use of force, it means it covers a, a, a federal attempt that is a crime of violence. So that if you can, you satisfy the federal law of attempt, uh, and the object crime is a crime of violence. That's going to count as an attempted use of force. Maybe it would help if the defense says, look what the government's trying to do here is rewrite the statute so that it says, uh, the elements clause minus the attempt language. And then it says in any attempt to commit an elements clause offense is a crime of violence. Um, that would be a different way to phrase the, um, provision, but the one that they used is perfectly acceptable. And I think this is critical. This would be my fourth argument. In addition to weight of precedent, plain meaning, and the, uh, rule in Sikar, the, the, um, courts use federal common law meanings to interpret terms in the federal statute, like nine 24 C three a is the limited application. The defendant's view would result in for that attempt language on the defendant's view. Every federal attempt crime is going to fall short of satisfying nine 24 C three a because all the federal attempt crimes can be committed by having the specific intent to complete the offense in an overactive constitutes a substantial step. Um, and let me ask you this question, even using your common law definition of attempt, how does intent to use force transmute into attempted use of force under the categorical approach? It does, because that's how Congress has defined an attempted use of force. That's what these cases like Ingram Dominguez, St. Hubert and Smith are saying, uh, as well as, you know, the recent unpublished opinion from this court in Collins. Um, the there, what they're saying is that attempt is a, is a legal term of art that means the federal and common law definition of an attempt. Um, and you know, so the defense says, okay, no, you actually have to have, um, used force and fallen short of causing an injury is essentially, I think what they're suggesting the word attempt is going to mean. Um, and they can only come up with three crimes that they think would fit that standard in the federal code categorically. The first is 18 USC one 11 B. Um, but the problem with that example is that the elements clause was added to nine 24 C three a and 1984 and the language that the defense is pointing to in one 11 B didn't exist at that time. And so the idea that Congress was meaning to capture a provision in one 11 B when it enacted the elements clause and threw in the word attempt, um, based on language that didn't exist, that just doesn't make any sense. Now, their second example is, uh, the obstruction statute has some provisions in it, but they say would be covered. And I think that it is fair that the statute, although it was structured differently back in 1984, that they could make their same point. But the idea that the word attempt appeared in nine 24 C three a solely to cover a provision and the obstruction statute and nothing else is deeply implausible. When the Supreme court and Castleman was construing the definition of a misdemeanor crime, a domestic violence, it rejected an interpretation, uh, that would render the statute ineffective in 10 states. Um, this is far worse and more extreme than that. The defense is urging the court to adopt an interpretation of the term attempt in nine 24 C three a that would have that word function constitutes basically reaching the obstruction statute. Plus they say, well, maybe there's some assimilated crimes out there. That's it. That's really not a plausible way to read the language of nine 24 C three a that that's the function that the word attempt was there to accomplish was to capture that tiny and pretty esoteric category of offenses. The dramatically more persuasive, uh, reading we think is again, that Congress wouldn't add, had the word attempt appear in nine 24 C three a it meant. Can I just interrupt you? I'm sorry. It's hard. You have a great technique of continually talking and I'm sorry. Um, but isn't it true that some crimes of violence, the crime itself require the use of force require it where some crimes violence like robbery do not require the use of force. I, uh, maybe what I'm getting at this problem that you, you're just ignoring. So let me take an example. Uh, murder. Somebody has to die. So that would be requires the use of force. Right. And attempted murder invariably involves the attempt to use force, but attempted robbery need not involve the use of force. It can do it by intimidation. So an attempt to commit robbery doesn't necessarily involve an attempt to use force. Right. The problem. Oh, I'm sorry. There may be a problem with it, but what I've said is correct. Right. The here's what I perceive as the key problem. So for an attempted murder, you couldn't complete attempted murder by, uh, say going out and purchasing the gun with the specific intent to commit the murder and traveling to the place where you commit the murder and then not committing the murder. And so there's in that scenario, but there's never been a use of force, even though the crime up requires the use of force. Sure. And so to attempt to commit that crime is necessarily requires the use of force. If you attempt to commit something that has an element that is the use of force, attempting to commit it has the element of the use of force. But the defendant's definition of attempt would exclude that because the attempt scenario that I just described where the defendant never actually even shoots at somebody is not one that does. The defendant's explanation of that particular point might be error. I mean, every now and again, we lawyers make errors, right? Um, but it wouldn't be an error that would be fatal to its position here, which involves a crime straight up Hobbs Act robbery that does not require the use of force. And so attempt to commit Hobbs Act robbery similarly does not require the use of force. Well, I guess different than murder. I actually I two points. The first is I do think the defendant is in the gloss. He wants the court to adopt for an attempt is going to necessarily, whether the defendant wants to or not, exclude attempted murder as a predicate under 924 C3. But the defendant does not make the law. Sure. But I don't think I don't think that what he's urging the court to say turns out to be coherent. I can't hear you. I'm sorry. But I go back to I don't know that we necessarily would have to adopt the view that he or she is espousing with respect to murder to conclude that we adopt their argument with respect to Hobbs Act robbery. And that's what I'm asking you to address. Well, then let me assume the court's going to say that attempted murder counts as a 924 C3 offense. And then the point is, well, look, robbery doesn't involve a use of force. And on that, I think generally involve a use of force. Right. And then I would direct the court to what the Supreme Court said in Stokeling, which is when you intend to use force to overcome somebody's will, that's a use of force. So a if you look at how Stokeling is structured and explaining why common law robbery is going to satisfy the elements clause there of the ACCA, the court says, look, this overcoming the will standard is violence and violence is force. And that satisfies the elements clause. And so I would resist the court's starting premise that that a robbery offense is actually different than a murder offense because of what Stokeling said about how we understand the common law standard of overcoming the will. And so you can have an example where somebody say a timid victim who is lightly pushed and then surrenders the wallet because the person says to him or herself, if I don't give up the wallet, I'm going to really get seriously injured because that's what the what the robber is trading on. And the Supreme Court said, I know it looks like just, you know, the light pushes and a lot of force, but that's violence. We know that because that's what the common law defined as violence in the context of Hobbs Act robbery and the ACCA elements clause. Likewise, here, 924C3A is encompassing that standard. And this is a. Mr. Cook, I think that your time has long expired. I'm sorry. But I might be incorrect. And I'll ask the clerk to to contradict that if I am incorrect. But I guess I wonder if Judge Floyd or Judge King have any further questions of you. I have none. I have none. All right. Thanks very much, Mr. Cook, as usual. We appreciate your argument. Thank you. Pat, do you have any rebuttal? Can you hear me? Yes. Just two or three points, Your Honors, in rebuttal in terms of the ambiguous record and the government's reliance on the hair case. I think the government is trying to basically elide a jury's finding that a defendant committed an offense with a jury's finding or lack of finding that that offense was a predicate for the 924C. And I think it's really important to understand that in hair, there was a special verdict form that didn't simply find the defendant guilty of the underlying offenses, but very specifically found that the guns were used in furtherance of those offenses. So there were specific findings on the 924C that the defendant used the guns in furtherance of robbery and used the guns in furtherance of a drug trafficking offense. So there was absolute certainty, clarity in the hair case. That's not what's going on here. The facts to which Mr. Taylor pled certainly show that, yes, he committed attempted robbery, but they don't clarify that the 924C was only as to the attempted robbery as opposed to both offenses, one of which does not qualify. Turning to the attempt issue, Judge Motz, I agree with you and would like to, I think, adopt a kind of narrowing of our argument that... You want to take back your answer to Judge King, right? Yes, I would like to. Thank you. So I think that the government ignores, as you point out, that robbery can be committed, or Hobbs Act robbery in particular, can be committed without any use or attempted use. And the Hobbs Act definition of robbery specifically says, takes from the person, dot, dot, dot, by means of actual or threatened force. It doesn't say by means of actual or attempted use of force or threatened force. And what ends up happening is that, you know, the government says that what we propose totally knocks out all attempts. Well, we obviously disagree with that. But the other aspect that's important is that the government argument doesn't cover attempted threat of force. And to give an example of that, I'll try to do this quickly, but in terms of an attempt to threaten the use of force, which is the final part of the crime to violence force clause, you could take an example like, well, even in the Hobbs Act, actually, you know, the element of attempted Hobbs Act robbery can be satisfied by proof of an attempt to threaten the use of force. So, for example, someone who's surveilling a store and intends to rob it with a toy gun or a note threatening to kill the clerk or cashier, but is caught before that person can make the actual threat by presenting the toy gun or the note. That person has clearly attempted to commit Hobbs Act robbery, but they have not attempted to use force, and they have not threatened to use force. So, in conclusion, we ask that the court rule for us on both issues and that the court direct Mr. Taylor's 924C conviction be vacated. Thank you. Thank you very much. I would ask the clerk to adjourn court so that we can go to our final statement.
judges: Diana Gribbon Motz, Robert B. King, Henry F. Floyd